UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60392-CV-COHN

JOHN WYNKOOP, an individual,

Magistrate Judge Seltzer

    Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE, INC.,
a California corporation,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Home Mortgage Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [DE 18], Plaintiff's Memorandum in Opposition to Defendant's Motion [DE 19], and Defendant's Reply [DE 20]. The Court has carefully considered the motion, response and reply and is otherwise fully advised in the premises. The motion became ripe on May 23, 2011.

### I.  BACKGROUND

Plaintiff John Wynkoop ("Plaintiff") filed this action against Wells Fargo Home Mortgage, Inc. ("Defendant" or "WFHM"), asserting claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(g) (Count I), and state law claims for negligence (Count II) and breach of contract (Count III). Plaintiff alleges that he was required to make escrow payments under his mortgage for property taxes and property insurance, but that WFHM did not timely pay for this insurance and taxes, resulting in cancellation of his insurance policy, increased premiums and other

damages. In particular, Plaintiff alleges in his Amended Complaint[1] that Defendant failed to pay the homeowners insurance due March 6, 2010, flood insurance due March 16, 2010, and property taxes due March 31, 2010. Am. Compl. ¶¶ 19-22 [DE 14]. Plaintiff further alleges that he suffered increased insurance premiums, reduction in insurance benefits, an increased deductible, and non-economic damages as a result of Defendant's failure to timely make payments from the escrow account. Id. ¶¶ 29, 29A-E.

Defendant moves to dismiss the Amended Complaint. Defendant contends that Plaintiff has sued the wrong party, that he has failed to allege a condition precedent, that he has insufficiently alleged a RESPA violation and damages, that the negligence claim is barred by the economic loss rule, and that Defendant is not a party to the mortgage contract. Plaintiff opposes the motion.

## II. DISCUSSION

### A. Proper Party Defendant

Defendant contends that Plaintiff has failed to name the proper party defendant, as Wells Fargo Home Mortgage, Inc. merged in 2004 into Wells Fargo Bank, N.A. Plaintiff notes that Defendant failed to inform Plaintiff of this pleading deficiency in its initial motion to dismiss, and requests leave to amend the complaint to reflect the proper party. In its reply, Defendant does not oppose this relief. Therefore, the Court will direct Plaintiff to correct the named defendant when he files his Second Amended

---

[1] Plaintiff filed the Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), in response to Defendant's motion to dismiss [DE 5] Plaintiff's original Complaint [DE 1].

2

Complaint.

## B.  Motion to Dismiss Standard

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.  Recently, the Court reiterated that the allegations must suffice to "raise a reasonable expectation that discovery will reveal evidence" to support the claims.  Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1323 (2011) (citing Twombly, 550 U.S. at 556).

## C.  Failure to Allege Condition Precedent

Defendant argues that Plaintiff has failed to comply with Fed. R. Civ. P. 9(c) by not alleging that all conditions precedent have occurred.  Defendant cites to the Mortgage note referenced in Plaintiff's Amended Complaint which contains a provision that neither the borrower nor lender may commence an action against the other party

3

alleging that the party "breached any provision of, or any duty owed by reason of," the Mortgage, without giving the other party a reasonable period to take corrective action. Mortgage ¶ 20, Exhibit A to Motion to Dismiss [DE 18-1].[2]  In response, Plaintiff asserts that his RESPA and negligence claims do not arise from the Mortgage, a contract to which Defendant is not a party, because Defendant acts only as a servicer of the mortgage escrow payments.[3]   In reply, Defendant contends that its duty to act as a servicer arises from the Mortgage, so therefore it can receive the benefit of the notice and cure provision to insulate itself from this statutory RESPA action.  Defendant cites no case law for this argument.

RESPA requires mortgage servicers to make timely payments from escrow accounts.  Defendant's imposition of a notice and cure provision from an underlying mortgage would substantially interfere with the congressional intent in RESPA to police mortgage servicer liability for untimely payments from escrow accounts.  Plaintiff's RESPA claim arises from statute – it does not rely upon a duty imposed upon Defendant by the Mortgage.  As for the parallel negligence claim, Plaintiff is also correct in asserting that Defendant's duty does not arise from the Mortgage itself, but from Defendant's status as a mortgage servicer who accepts Plaintiff's escrow payments.

---

[2]  The Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim and undisputed as to authenticity for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment.  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

[3]  Plaintiff concedes that he may not have properly plead satisfaction of a condition precedent with regard to his breach of contract claim, though he attempted to do so in ¶ 17 of the Amended Complaint.  Plaintiff seeks leave to correct this oversight.

Therefore, the motion to dismiss Counts I and II based upon a failure to plead a condition precedent is denied.

### D.  RESPA § 2605(g) Claim

Defendant contends that Plaintiff has failed to sufficiently allege that Defendant failed to make payments from the escrow account in a timely manner under 12 U.S.C. § 2605(g).  RESPA provides that:

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

12 U.S.C. § 2605(g).  The phrase "in a timely manner," is construed by the Department of Housing in its regulations to mean, "on or before the deadline to avoid a penalty, as long as the borrower's payment is not more than 30 days overdue."  24 C.F.R. § 3500.17(k)(1).

Defendant asserts that timely manner means "before the deadline to avoid a penalty **and** before the payment was 30 days overdue," relying upon Hyderi v. Washington Mut. Bank, F.A., 235 F.R.D. 390, 399 (N.D. Ill. 2006) and Marks v. Quicken Loans, Inc., 561 F. Supp. 2d 1259, 1264-65 (S.D. Ala. 2008) (emphasis added). Plaintiff argues that he did allege the specific dates that the payments were due, that Defendant failed to pay before the due dates, and that he suffered penalties because of the late payments.  Am. Compl. ¶¶ 19-22, 29.  Contrary to the district court decisions

cited by Defendant,[4] neither RESPA nor the HUD regulation support the notion that an escrow payment by a servicer can be timely and still be paid thirty days late where penalties are imposed at the actual due date.  The thirty day reference in the regulation concerns the **borrower's** payment into the escrow account, not the servicer's payment out of the account.  This provision makes sense since the borrower cannot complain about the servicer's late payment if he fails to timely make his own payment into the account.

In this action, Plaintiff alleges that particular insurance and tax payments were not made by their respective due dates, resulting in cancellation of his insurance policy, raising of his insurance premium and issuance of a tax lien.  These allegations are sufficient to allege that the payments were not made in a timely manner, because penalties were imposed for payments not made by their due dates.  Defendant's cavalier statement "[t]hat Plaintiff's insurance carrier elected to terminate his coverage is of no import to whether Wells Fargo's payment was 'timely' under the statute" is simply wrong given the regulation's clear language that timeliness is directly related to whether a penalty can be avoided.  Defendant's Motion, n.3 (record citation omitted from quotation).

Defendant further contends that Plaintiff failed to sufficiently allege entitlement to statutory or actual damages.  Statutory damages of up to $1,000 are recoverable only in the case of a pattern or practice of noncompliance with the servicer obligations in

---

[4] The decision in Marks can be also distinguished on its facts, because the mortgage servicer was held not liable for an insurance payment due after the servicer had transferred the escrow account to a different service.  Marks, 561 F.Supp. 2d at 1265.

RESPA. Plaintiff alleged in the Amended Complaint that based upon "information and belief," the failure to pay timely escrow obligations is a pattern or practice of Defendant. Am. Compl. ¶ 30. Plaintiff contends that discovery will flesh out this allegation, as allowed under Matrixx Initiatives, 131 S. Ct. at 1323. Defendant argues that this conclusory allegation is devoid of facts and is prohibited by Twombly. On this point, the Court agrees with Defendant. Therefore, the demand for statutory damages will be dismissed, without prejudice.

As for actual damages, Defendant argues that emotional damages are not recoverable under RESPA. There is a split across the United States among the few district courts that have addressed this issue. In one of the few reported cases, and the only one from the Southern District of Florida, the Court ruled that as a consumer protection statute, the term "actual damages" should include non-pecuniary injuries. McLean v. GMAC Mortg. Corp., 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009) (citing McLean v. GMAC Mortg. Corp., 2008 WL 1956285 (S.D. Fla. 2008) (collecting cases)). This Court agrees with McLean and adopts its reasoning on this issue.

Defendant also asserts that Plaintiff has failed to sufficiently allege his out-of-pocket damages. The Court disagrees. Under Twombly, the factual allegations in ¶¶ 29A, B, & C are sufficient to put Defendant on notice of Plaintiff's damages claims. The precise reasons for his premium increase and other alleged damages can be fleshed out in discovery.

### E.  Economic Loss Rule

Defendant next argues that Plaintiff's negligence claim is barred by the Economic Loss Rule because the damages arise from a written contract, and because

Defendant owes no duty to Plaintiff.  With regard to the economic loss rule, Plaintiff responds by noting that there is no contract between Plaintiff and Defendant.  Rather, the loan originator selected Defendant to service the mortgage.  As the underlying agreement that Defendant contends precludes the tort claim was not subject to negotiation nor even entered into by Defendant, the principle behind Florida's economic loss rule does not apply.  Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004) ("The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort.").

Defendant also contends that it owes no duty to Plaintiff because the parties have engaged solely in arms-length transactions.  Plaintiff has alleged that as a mortgage servicer, Defendant had a duty of care to ensure that escrowed monies are transmitted to third parties for payment of taxes and insurance.  Am. Compl. ¶ 37.  Defendant relies on the many Florida cases involving claims of breach of a fiduciary relationship which state that "the relationship between a bank and its borrower is that of creditor to debtor" and no duty is imposed.  E.g. First Nat'l Bank & Trust Co. of Treasure Coast v. Pack, 789 So. 2d 411, 414 (Fla. Dist. Ct. App. 2001).  However, a mortgage escrow account servicer is not a lender; rather, the mortgage servicer is entrusted with a borrower's funds for purposes of later payment for insurance and taxes.  A statutory duty is imposed under RESPA.  Thus, while this negligence claim could be considered redundant, for purposes of this motion to dismiss, the Court will deny the motion as Plaintiff has sufficiently plead a duty.

### F.  Breach of Contract

Defendant moves to dismiss the claim for breach of contract because it was not a party to the contract.  In response, Plaintiff contends that this claim was plead in the alternative and seeks to state a claim for breach of an implied covenant of good faith and fair dealing in the handling of mortgage servicer obligations.  In reply, Defendant asserts that the claim as plead, i.e. breach of contract, does not mention any implied covenants and must be dismissed.  This Court agrees with Defendant.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Wells Fargo Home Mortgage Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [DE 18] is hereby **GRANTED in part** and **DENIED in part**;

2. Count III of the Amended Complaint is dismissed, without prejudice, and Plaintiff's demand in Count I for statutory damages will be dismissed, without prejudice, with leave to amend;

3. Plaintiff may file a Second Amended Complaint by June 1, 2011 that comports with this Order, by filing a separate entity in the CM/ECF system;

4. Defendant's Answer shall be due within ten business days from the date of filing of a Second Amended Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of May, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:
counsel of record on CM/ECF